IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CLAXTON H. WILLIAMS, JR.,** | ) | |
| **# N-62439,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-1082-MJR |
| | ) | |
| **SGT. EVILIZER,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This case was voluntarily dismissed at Plaintiff's request on October 23, 2012 (Doc. 6). However, on November 5, 2012, Plaintiff filed a multi-part motion (Doc. 10), in which he requests to reopen and proceed with the instant case. Considering that Plaintiff's earlier request to dismiss the case was filed before Plaintiff had the opportunity to review this Court's full threshold order (Doc. 1), which severed the instant action from the original lawsuit, the request to reopen the case is **GRANTED.** This Court's prior order at Doc. 6 is **VACATED.** The Clerk is **DIRECTED** to reopen this case.

Now before the Court are two motions filed by Plaintiff. The motion at Doc. 10 contains several distinct requests for relief; each shall be addressed below.

**Pending Motions (Docs. 9 and 10)**

Plaintiff's motion for status (Doc. 9) is **GRANTED**. On November 5, 2012, the Court received and docketed both the status motion (Doc. 9) and Plaintiff's eleven-page combined motion (Doc. 10), requesting the Court to reopen this case so that it may proceed, as well as requesting other relief. Each motion for relief contained in Doc. 10 shall be addressed

below in turn.  Doc. 10 shall be **GRANTED IN PART AND DENIED IN PART,** except for the request for appointment of counsel, which shall be held in abeyance and referred to United States Magistrate Judge Williams for further consideration**.**

Plaintiff's motion to proceed with the instant case is **GRANTED.**  Service on the Defendant shall be ordered below.

Also in Doc. 10, Plaintiff requests this Court to reopen and grant his motion to proceed *in forma pauperis* ("IFP") (Doc. 3).  The IFP motion was originally filed on September 12, 2012, in Case No. 12-cv-989-MJR, and was filed in this case when it was severed.  This motion was denied as moot when the case was dismissed on October 23, 2012 (Doc. 6).  The IFP motion contains Plaintiff's affidavit stating that he has no employment, has received no income for the last twelve months, and has no assets or cash on hand.  However, he has not tendered an updated certified copy of his inmate trust fund account statement.  The Clerk has requested a trust fund statement for the six-month period immediately preceding the filing of this case from the Menard Correctional Center, in order to determine the amount of Plaintiff's initial partial payment (Doc. 11).  Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee.  At such time as the Court receives from the institution's Trust Fund Officer the certified copy of Plaintiff's trust fund account statement as requested, the Court will enter an order authorizing the Trust Fund Officer to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward this payment to the Clerk of Court.  The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full. Plaintiff's motion to proceed IFP in this case (Docs. 3 and 10) is **GRANTED**.  The Clerk of Court is directed to send a copy of this Order to

Plaintiff and to the Trust Fund Officer at Menard Correctional Center.

The motion for leave to file an amended complaint within 60 days in the instant case is **DENIED**, without prejudice to Plaintiff renewing his request in compliance with Federal Rule of Civil Procedure 15 and Local Rule 15.1.  Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]"  Additionally, in this District, "[a] proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed." Local Rule 15.1.  Because Plaintiff did not tender his proposed amended complaint along with his motion, the motion for leave to file amended complaint must be denied.

Further, should Plaintiff wish to submit an amended complaint in the future, he is **ADVISED** that an amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint. Thus, a proposed amended complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with his proposed amended complaint.  Service on the Defendant has not yet been made, and shall be ordered below.  Thus, the 21-day time limit referenced above has not yet started.  If Plaintiff seeks to amend his complaint outside the time frame of Rule 15(a)(1), he must file a motion seeking leave to amend, accompanied by the proposed amended complaint.

Plaintiff is further **ADVISED** that in the future, he must file a separate motion in each of his pending cases, individually captioned and bearing a single case number, in order to request relief specific to that case.  Any future combined motion (such as Doc. 10) that contains

various requests for relief in multiple cases, is subject to being stricken from the docket and summarily denied.

Next, Plaintiff requests the Court to order Defendant to cease impeding the exhaustion of his grievances pertaining to this case, and to "fully process/return" them (Doc. 10, p. 2). Similarly, he asks for a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Both requests are **DENIED.** Plaintiff shall have the opportunity to present his evidence as to the exhaustion of the grievance process if and when this matter is raised by the Defendant.

Plaintiff's final request in Doc. 10 is for the appointment of counsel. This motion shall be referred to United States Magistrate Judge Williams for further consideration.

**Disposition**

The Clerk of Court shall prepare for Defendant **EVILIZER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 2), a copy of the Memorandum and Order at Doc. 1, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be

retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the motion for appointment of counsel contained in Doc. 10.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into

a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 7, 2012**

s/ MICHAEL J. REAGAN
United States District Judge