IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLAXTON H. WILLIAMS, #N-62439,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No.   12-cv-1082-MJR-SCW |
| | ) |
| **DAVID EVELSIZER,** | ) |
| | ) |
| **Defendant.** | ) |

### REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

#### I.   Introduction

This case is before the Court on Plaintiff's Motion for Emergency Protective Order (Doc. 28).  Plaintiff also recently filed a Motion for Appointment of Counsel and Protective Order (Doc. 33) which supplements his previous motion in part.  The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a).  It is R**ECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **DENY** Plaintiff's Motion for Emergency Protective Order (Docs. 28 & 33).

#### II.   Findings of Fact

This case was originally filed as part of a larger lawsuit alleging excessive force against various prison guards who Plaintiff claimed attacked him on March 22, 2011 (Doc. 1).  As part of that Complaint, Plaintiff also alleged that on August 5, 2012 he was placed in a cell and attacked by his cellmate while guard Sgt. Evilizer failed to intervene.  On October 10, 2012, Plaintiff's failure to protect claim against Evilizer was severed from his excessive force claim into the instant case.  The case was then voluntarily dismissed by Plaintiff on October 23, 2012, but reopened at Plaintiff's

request on November 7, 2012 (Docs. 6, 10, & 11).

On March 14, 2013, Plaintiff filed his Motion for Emergency Protective Order (Doc. 28). Specifically, Plaintiff alleges that he has been sentenced "to death by pain, torture, suffering, and abuse" and that he has been subjected to lengthy delays for medical treatment. Plaintiff argues that he is being placed in dangerous situations with other inmates and continually being denied medical care, including denying him medication and access to a neurologist as Plaintiff allegedly suffered a stroke in March 6, 2012 and was ordered to return to the specialist in four to six weeks but has never returned for his follow-up visit. Plaintiff's motion asks for a Court Order directing IDOC to take him to a neurologist and have the results delivered to the Court, housed back in a single cell due to his vulnerability caused by his previous stroke, provide Plaintiff with medications, and appoint counsel. Plaintiff also asks that IDOC Director Salvador Godinez, who is not a party to this suit, be Ordered to address Plaintiff's being put in double cells, have Plaintiff taken to a specialist, and to provide Plaintiff with physical therapy.

On March 27, 2013, Plaintiff filed another Motion for Protective Order (Doc. 33) which further addressed his requests to the Court. In that motion, in addition to requesting counsel due to deteriorating health, Plaintiff also indicated that he was being housed in a cell that was infested with rats and roaches and that he had to kill a rat while it was biting him. Although Plaintiff does not specifically state what remedy he seeks, it appears that he again seeks a consult with a neurologist, a move to a different cell, a settlement conference, and an Order from the Court requiring Louis Shicker, John Shepard, and Dennis Lason to appear in Court in person.

Defendant has filed Responses (Docs. 29 & 34) to both of Plaintiff's motions.

### III. <u>Conclusions of Law</u>

While Plaintiff has titled his motion as one for "protective order", Plaintiff actual seeks

a preliminary injunction as he seeks several affirmative orders from the Court regarding various conditions of his confinement.

**A.     Injunction Standard**

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). *Accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To win a preliminary injunction, a plaintiff must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm without the injunction, (3) that the harm he would suffer is greater than the harm a preliminary injunction would inflict on defendants, and (4) that the injunction is in the public interest. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010) (citing *Winter*, 555 U.S. at 20). The "considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted." *Judge*, 612 F.3d at 546.

In the context of prisoner litigation, there are further restrictions on courts' remedial power. The scope of the court's authority to enter an injunction in the corrections context is circumscribed by the Prison Litigation Reform Act (PLRA). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2). *See also Westefer*, 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary

authority over the institutions they manage") (internal quotation marks and citation omitted).

The Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id.* (citing *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)). *See also W.A. Mack, Inc. v. Gen. Motors Corp.*, 260 F.2d 886, 890 (7th Cir. 1958) ("A preliminary injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree.").

A TRO may issue without notice

> only if: (A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED.R.CIV.P. 65(b).

**B.     Analysis**

The undersigned **RECOMMENDS** that Plaintiff's motion should be **DENIED** because he has not shown a likelihood of success on the merits. Plaintiff states in his motion that he is being subject to dangerous cell conditions and not being given proper medical treatment. However, Plaintiff's allegations are not the subject of his current lawsuit. His current suit focuses on the sole claim of failure to intervene by Sgt. Evilizer which caused him to be beat up by another inmate. His current suit has nothing to do with his brain injuries resulting from his stroke, medical issues including his failure to be seen by a neurologist or receive his medication, or his vulnerability in

being housed with other inmates. Thus, the undersigned agrees with Defendant that the relief he seeks preliminary is outside the scope of his current Complaint. Further, as Defendant points out Plaintiff seeks an Order compelling IDOC Director Salvador Godinez to provide Plaintiff with certain requested relief, but Godinez is not a party to this suit. Plaintiff's second motion also seeks an Order compelling Louis Shicker, John Shepherd, and Dennis Larson to appear in person, but these individuals are not a party to the current suit either. The undersigned, accordingly, finds that Plaintiff would not be likely to succeed on the merits because the subject of his motion for preliminary injunction does not deal with the subject of his Complaint. In order to seek relief for the conditions he is suffering from, Plaintiff would have to file a new law suit after properly exhausting his administrative remedies or file his request for preliminary injunction in the proper suit.[1]

Further, even if Plaintiff's claims in his motion were the subject of his Complaint, the Court finds that Plaintiff would not be entitled to the extraordinary relief that he seeks. Plaintiff seeks an injunction moving him to a single cell and directing the correctional center to follow-up with a neurologist and deliver his medication. Such a request would be an extraordinary relief, which Plaintiff has not shown that he is entitled to. Such a request would require the Court to become involved in the everyday activities of the prison system, something this undersigned is reluctant to do. *See Scraver v. Litscher*, **434 F.3d 972, 976-77 (7th Cir. 2006).** Accordingly, the undersigned **FINDS** that Plaintiff is not entitled to the preliminary injunction relief that he seeks.

---

[1] The Court notes that Plaintiff has other cases before this Court which might properly deal with the various issues raised in his preliminary injunction. In fact, Plaintiff filed his motions for protective order both in this case and his other pending case, *Williams v. Shepherd*, Case No. 12-cv-1081-MJR-SCW. In that case, Louis Shicker, John Sheperd, and Dennis Larson are defendants and thus proper parties to seek the relief he requests in his Motion for Protective Order (Doc. 33) (as the Court notes that the motion request an order compelling them to appear before the Court in person). In that case, the Court held a hearing on Plaintiff's preliminary injunction request which is now under advisement (Doc. 68 Case No. 12-1081). The Court thus declines to address whether a preliminary injunction is warranted in this other case, in the context of this case, as the motion has also been filed in that case.

## IV. Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for Emergency Protective Order (Doc. 28) and Motion for Protective Order (Doc. 33).

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **May 3, 2013**.

**IT IS SO ORDERED**.

DATED: April 16, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge