IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLAXTON H. WILLIAMS, JR., #N-62439, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 12-CV-1082-MJR-SCW |
| DAVID EVELSIZER, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

REAGAN, District Judge:

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Stephen Williams (Doc. 36), recommending that the Court deny Mr. Williams' Motion for Emergency Protective Order (Doc. 28) and deny his second Motion for Protective Order (Doc. 33).[1] The Report and Recommendation was entered on April 16, 2013, and included a Notice that any objections were due within fourteen days of service. Mr. Williams did not file an objection to the Report and Recommendation.

On March 14, 2013, Mr. Williams filed a Motion for Emergency Protective Order

---

[1] In these motions, Mr. Williams' also seeks appointment of counsel, which the Court denied without prejudice on April 16, 2013 (*See* Doc. 35).

(Doc. 28) alleging that he has been sentenced "to death by pain, torture, suffering, and abuse" and that he has been subjected to lengthy delays for medical treatment. Mr. Williams asserts that he continues to be placed in dangerous situations with other inmates and continues to be denied the medical care that he needs. Specifically, Mr. Williams was denied medication and access to a neurologist after suffering a stroke on March 6, 2012. Mr. Williams asks the Court to order the following: that IDOC to take him to a neurologist, that he be housed in a single cell due to his vulnerability caused by his previous stroke, that he be provided with the medication he needs, that Director Salvador Godinez (who is not a party to this suit) address Mr. Williams' placement in double cells, that Mr. Williams be seen by a specialist, and that he be provided with physical therapy.

Mr. Williams filed a second Motion for Protective Order (Doc. 33) on March 27, 2013. In the motion, Mr. Williams indicates that he is being housed in a cell that is infested with rats and roaches. Mr. Williams does not specifically state the remedy that he seeks, but appears to again be seeking a consult with a neurologist, transfer to a different cell, a settlement conference, as well as a Court Order requiring Louis Shicker, John Shepard, and Dennis Larson to appear in court. Defendant Evelsizer has responded to both motions (Docs. 29, 34). Although Mr. William's motions are titled "Motion for Emergency Protective Order" and "Motion for Protective Order," the Court interprets these motions as a request for a preliminary injunction because he is seeking

several affirmative Court Orders regarding various conditions of his confinement.

Magistrate Judge Williams recommends denying Mr. Williams' motions because he has not shown that he would likely succeed on the merits. Specifically, Judge Williams' points out that Mr. Williams' current lawsuit focuses on the sole claim of Defendant Evelsizer's failure to protect Mr. Williams from being beaten by another inmate. This has nothing to do with the injunctive relief that Mr. Williams seeks, as the request for injunctive relief relates to brain injuries that resulted from a stroke, Mr. Williams' failure to be seen by a neurologist or given medication, and his vulnerability in being housed with other inmates. Simply put, the relief Mr. Williams seeks in both of his motions is outside the scope of his current Complaint. Further, Mr. Williams seeks an Order compelling IDOC Director Salvador Godinez to provide him with requested relief, and an Order compelling Louis Shicker, John Shepard, and Dennis Larson to appear in Court, but these individuals are not parties to the current suit. Thus, Magistrate Judge Williams finds that Mr. Williams would not be likely to succeed on the merits. In order to seek the relief Mr. Williams requests in these motions, he would need to file a new lawsuit after properly exhausting his administrative remedies or file his request for preliminary injunction in the proper suit.

Magistrate Judge Williams further reasoned that, even if Mr. Williams' claims for injunctive relief were within the scope of his Complaint, he would still not be entitled to the relief he seeks because he has not made a showing that he is entitled to extraordinary

relief. For example, Mr. Williams seeks an injunction moving him to a single cell and ordering certain follow-up medical care. Magistrate Judge Williams indicates that such relief would require the Court to become involved in the everyday activities of the prison system, which it is reluctant to do, and Mr. Williams has not shown that he is entitled to such relief.

Where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), the Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, **474 U.S. 140 (1985)**. While a *de novo* review is not required here, the Court has considered the record and Magistrate Judge William's Report and Recommendation and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Williams.

The Court **ADOPTS** Magistrate Judge Williams' Report and Recommendation (Doc. 36) and **DENIES** Mr. Williams' Motion for Emergency Protective Order (Doc. 28) and Motion for Protective Order (Doc. 33).

IT IS SO ORDERED.

DATED:   July 2, 2013

s/ Michael J. Reagan_____
MICHAEL J. REAGAN
United States District Judge